**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE STEPHEN RODABAUGH,<br><br>    Petitioner,<br><br>  vs.<br><br>DR. JEFFREY BEARD & MARION SPEARMAN,<br><br>    Respondents. | CASE NO. CV 14-06266 MMM (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the court has reviewed the Report and Recommendation of United States Magistrate Judge. Further, the court has engaged in a de novo review of those portions of the Report to which petitioner has objected. The court accepts the findings and recommendations of the magistrate judge.

  A California abstract of judgment is "a contemporaneous, statutorily sanctioned, officially prepared clerical record of the conviction and sentence." *People v. Delgado*, 43 Cal.4th 1059, 1070 (2008). "Under [section 1213], 'the certified abstract of the judgment constitutes the commitment. It is thus the order sending the defendant to prison and "the process and authority for carrying the judgment and sentence into effect."' *People v. Mitchell*, 26 Cal.4th 181, 185 (2001). "An abstract of judgment is not the judgment of conviction. . . ."

If a California trial court imposes a sentence unauthorized by law, a reviewing court may correct that sentence whenever the error is called to the court's attention. *People v. Crooks*, 55 Cal.App.4th 797, 810 (1997) (citing *People v. Serrato*, 9 Cal.3d 753, 763 (1973) (" the law is well settled that . . . a sentence [not authorized by law is] subject to judicial correction whenever the error c[omes] to the attention of the trial court or a reviewing court")). Thus, in *Crooks*, the appellate court "corrected" a judgment and directed the trial court to prepare an amended abstract of judgment, because under California sentencing statutes, full term enhancements must be imposed for all violations of Penal Code § 261(a)(2), and on one count, the trial court had imposed only one-third the midterm sentence. *Id.* at 810 (invoking its "inherent authority to correct an unauthorized sentence" to change the enhancement on one count from eight months to two years and directing the trial court to "prepare an amended abstract of judgment"). See also *People v. Muhammad*, No. F043303, 2005 WL 2402927, *59, 61 (Cal. App. Sept. 30, 2005) (Unpub. Disp.) (noting that the trial court was "statutorily mandated to impose an additional term of 10 years for the gang enhancements" and thus "imposed an unauthorized sentence when it selected two years for the gang enhancements. . . . The abstracts of judgment must thus be corrected to reflect the imposition of gang enhancements of 10 years for count II as to both Odell and Raheem").[1]

The Ninth Circuit has held that the amendment of an abstract of judgment does not constitute a new judgment that permits a defendant to a new habeas petition that is not second or successive. See *Johnson v. Duffy*, 591 Fed.Appx. 629, 629-30 (9th Cir. Feb. 4, 2015) (" After the abstract of judgment was amended in March 2011, Johnson filed his

---

[1]"Although the court is not bound by unpublished decisions of intermediate state courts, unpublished opinions that are supported by reasoned analysis may be treated as persuasive authority." Scottsdale Ins. Co. v. OU Interests, Inc., No. C 05-313 VRW, 2005 WL 2893865, *3 (N.D. Cal. Nov. 2, 2005) (citing Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value")).

second federal habeas petition in 2013. The federal district court dismissed Johnson's 2013 habeas petition as 'second or successive.' First, contrary to Johnson's assertion that a new judgment was entered against him when the California clerk's office amended the abstract of his 1993 judgment in March 2011, an amendment to an abstract is a clerical change in California, not a new judgment. . . . The one and only judgment rendered in this case was the original 1993 judgment orally pronounced by the California Superior Court; Johnson was never re-sentenced, nor did the California trial court ever amend the original judgment," citing *Mitchell*, 26 Cal.4th at 185).

Because there was only one judgment in petitioner's case, because a California state court can correct an error that results in an unauthorized sentence by directing amendment of the abstract of judgment, which is not a judgment of conviction but merely a commitment order, and because petitioner's was at no point resentenced, the court agrees with the magistrate judge that his petition is "second and successive," and must be authorized by the Ninth Circuit before it can be filed.[2]

DATED: September 4, 2015

  _____
  MARGARET M. MORROW
  UNITED STATES DISTRICT JUDGE

---

[2] Petitioner contends that the Los Angeles Superior Court issued an amended judgment dated February 6, 2014. The document he proffers a copy of this purportedly amended judgment, however, is an "Abstract of Judgment - Prison Commitment." ((See Opposition to Motion to Dismiss, Lodged Exh. A.)