**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DALE STEPHEN RODABAUGH, | ) Case No. CV 14-6266-DSF (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| WILLIAM SULLIVAN, Warden, | ) |
| Respondent. | ) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On March 20, 2018, Petitioner filed Objections to the R. & R. On May 2, Respondent filed a Response.

Petitioner argues that in analyzing whether he was prejudiced by trial counsel's failure to object to omission of the specific-intent element from the great-bodily-injury jury instruction, the R. & R. improperly conflates Sixth Amendment review with the sufficiency-of-the-evidence standard. (Objs. at 7-8, 13.) In fact, the only applicable standard — as noted by the Magistrate Judge (see R. & R. at 13) — is whether there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (see id. at 12-13 (citing Strickland v. Washington, 466

U.S. 668, 694 (1984), and Premo v. Moore, 562 U.S. 115, 127-28 (2011))). See also Strickland, 466 U.S. at 693-94 (noting that reasonable probability must be substantial, not just conceivable); Harrington v. Richter, 562 U.S. 86, 101-02 (2011) ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

It is true that in analyzing Petitioner's ineffective-assistance-of-counsel claim, the R. & R. discussed People v. Phillips, 208 Cal. App. 3d 1120, 1124 (Ct. App. 1989), a sufficiency-of-the-evidence case, because it was "instructive regarding the type of evidence from which a California jury can infer specific intent to cause great bodily injury." (R. & R. at 16 n.5.) Contrary to Petitioner's representation (Objs. at 13), the Magistrate Judge recognized that it was a sufficiency case and not one under the Sixth Amendment (see R. & R. at 16 n.5). But the Magistrate Judge properly reviewed the trial evidence under California law in order to determine whether the state court reasonably could have found that Petitioner was not prejudiced by his counsel's failure to ensure that the jury was correctly instructed. Many cases in just this procedural posture have done the same. See, e.g., Belshaw v. Prosper, No. CV 09-1496-DSF (JC), 2014 WL 1307559, at *12-13, *16-17 (C.D. Cal. Mar. 31, 2014) (counsel's deficient performance in failing to object to jury instruction that omitted element of charged offense did not prejudice petitioner in light of "overwhelming evidence" and petitioner's failure to challenge existence of that element at

2

trial), cert. of appealability denied, No. 14-55605 (9th Cir. Nov. 17, 2014); Lampel v. Higa, No. CV 05-00842-ABC (MAN), 2009 WL 1514656, at *22-23 (C.D. Cal. May 27, 2009) (counsel's deficient performance in failing to object to erroneous jury instruction concerning required mental state of charged offense not prejudicial under Strickland when petitioner did not challenge mental state at trial and no reasonable likelihood existed that "the jury" was misled by instruction).

The R. & R. found no reasonable probability that "a correctly instructed jury" would have had reasonable doubt (R. & R. at 17), and its analysis and conclusion would have been no different if couched in terms of just one juror, as Petitioner would prefer (see Objs. at 7-8, 13, 17). As the Magistrate Judge noted and Petitioner does not contest, in one of his crimes he used his car as a weapon to "bump" a 71-year-old woman, causing her to fall down. (R. & R. at 5.) That act alone, when analyzed under Phillips and the similar cases cited in the R. & R., would have precluded any reasonable juror from finding that Petitioner lacked specific intent to cause great bodily injury.[1]  See, e.g.,

---

[1] Indeed, Petitioner's appellate counsel declared that she did not raise the jury-instruction issue on direct appeal because under Phillips she knew it would not prevail. (See Lodged Doc. 22 at 1.) Petitioner contends that she must not have been telling the truth because she did contest as to other claims that Petitioner intended to batter his victims (see Objs. at 10-12) — and erroneously states that the Magistrate Judge did not address his argument in the R. & R. (id. at 12 (failing to cite R. & R. at 23 n.9)). But appellate counsel challenged intent on appeal only as to Petitioner's assault convictions, contending that the jury instruction for that offense allowed Petitioner to be convicted on a criminal-negligence theory. (Lodged Doc. 19 at 9-12.) Phillips concerned a great-bodily-injury enhancement and
(continued...)

3

Phillips, 208 Cal. App. 3d at 1124 (specific intent "presumed" when defendant pushed 64-year-old, causing him to fall and sprain wrist). Petitioner does not now and never did contest that particular fact. Indeed, his defense at trial was not that he did not intend the victims to suffer great bodily injury but that he did not commit the crimes at all. (See generally Lodged Doc. 17, 4 Rep.'s Tr. at 678-703 (defense counsel's closing argument); see also id. at 679-83, 685-92, 694-703 (arguing that eyewitnesses were mistaken), 692-93, 697 (acknowledging that elderly victim suffered great bodily injury), 693 (arguing that petitioner was not culprit but "if you say he's involved," one victim didn't suffer substantial injury); see Belshaw, 2014 WL 1307559, at *13, *16 (counsel's failure to object to jury instruction omitting element of offense did not prejudice petitioner in part because petitioner did not contest element at trial); Lampel, 2009 WL 1514656, at *22 (same).

Petitioner reiterates factual arguments that were rebutted in the R. & R., which carefully summarized the pertinent testimony regarding Petitioner's actions and the victims' injuries. (R. & R. at 16-18.) The cases cited by Petitioner as standing for the proposition that "California law holds that, where a victim holds onto her purse and lets go after a struggle,

---

[1](...continued)
created a presumption under certain circumstances of specific intent to cause great bodily harm for purposes of that enhancement; it had no bearing on Petitioner's assault convictions or counsel's decision to challenge them. Thus, there was nothing suspicious about the reason proffered by appellate counsel for not pursuing the great-bodily-injury-instruction claim on appeal.

4

1  and the assailant creeps along but does not take off until the
2  purse is in the car, it is reasonably arguable that such facts do
3  not lead to an inference that the assailant had specific intent
4  to injur[e]" do not say anything of the kind. (Objs. at 26
5  (citing In re Spears, 157 Cal. App. 3d 1203, 1211 (Ct. App.
6  1984), and In re Smith, 3 Cal. 3d 192, 202-03 (1970)).) Those
7  cases address what constitutes an arguable issue on appeal in a
8  completely different factual context having nothing to do with a
9  car as weapon, an elderly victim, purse snatching, a struggle, or
10 even great bodily injury. Moreover, as the R. & R. noted (R. &
11 R. at 18), the victim in fact testified that she was unable to
12 let go of her purse because her thumb was stuck in the strap
13 (Lodged Doc. 17, 4 Rep.'s Tr. at 618-19); she was not
14 intentionally holding onto it.

15     Petitioner protests that the previously assigned Magistrate
16 Judge concluded in 2004 that his ineffective-assistance-of-
17 counsel claim warranted habeas relief, showing that at least one
18 correctly instructed juror would have harbored reasonable doubt
19 about the great-bodily-injury enhancement and therefore entitling
20 him to relief. (Objs. at 7, 14, 17.) That reasoning is flawed,
21 however. Under it, any time a dissenting judge believed that a
22 defendant was prejudiced by a jury instruction that misstated the
23 elements of an offense or enhancement, the defendant would be
24 entitled to relief. Obviously, that is not the law. See, e.g.,
25 United States v. Berry, 683 F.3d 1015, 1021, 1026-27 (9th Cir.
26 2012) (majority finding that error in jury instruction concerning
27 intent element of crime was harmless beyond reasonable doubt;
28 dissent concluding otherwise); People v. Huggins, 38 Cal. 4th

5

175, 212, 263 (2006) (same). Moreover, the previously assigned Magistrate Judge did not discuss the evidence on this point or explain why he concluded that "given the facts before the jury, the jury could not reasonably have found true the 12022.7(a) and (c) allegations under the 1995 provisions" (Lodged Doc. 23, Ex. 12 at 18); indeed, that was the extent of his discussion of prejudice (see id.).[2] And as the R. & R. noted, the Supreme Court's habeas law has evolved significantly since he issued his R. & R., in 2004. Accordingly, his conclusion that Petitioner was not prejudiced is not informative.[3]

---

[2] Elsewhere in his R. & R., the previously assigned Magistrate Judge concluded that Petitioner's assault convictions "and other sentence enhancements" withstood challenge because Petitioner caused the victims great bodily injury and used a dangerous weapon, his car, to do so. (Lodged Doc. 23, Ex. 12 at 24.)

[3] Petitioner also complains that the Magistrate Judge erroneously applied "doubly deferential" review to the prejudice prong of Strickland. (Objs. at 19.) In Hardy v. Chappell, 849 F.3d 803, 825 (9th Cir. 2016) (as amended Jan. 27, 2017), a two-judge majority stated that "[d]ouble deference refers to the layering of the reasonableness test from § 2254(d) on top of another reasonableness test, such as the deficiency prong of Strickland's two part standard" and does not apply when only the prejudice prong is at issue. The Court wonders whether that is correct in light of Davis v. Ayala, 135 S. Ct. 2187, 2199 (2015), which had only recently been decided when Hardy was issued, given its conclusion that relief under Strickland is not warranted "unless the harmlessness determination itself was unreasonable." See also Cullen v. Pinholster, 563 U.S. 170, 202-03 (2011) (expressly applying doubly deferential review to prejudice inquiry of Strickland). But in any event, the Magistrate Judge referred to the doubly deferential standard primarily in reciting the law — correctly — and that standard did apply to Plaintiff's ineffective-assistance-of-appellate-counsel claim, in which the deficient-performance prong was disputed. The Magistrate Judge's analysis of Petitioner's trial-counsel claim did not hinge on doubly deferential review.

As Respondent notes, Petitioner ignores the "difficult to meet" standard of Richter, which was decided in 2011, well after the previously assigned Magistrate Judge issued his 2004 R. & R. For example, Petitioner argues that the R. & R. wrongly found that the failure to instruct the jury regarding an element of the great-bodily-injury enhancements did not violate his rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny because the enhancements did not extend his sentence beyond his statutory maximum of life. (Objs. at 24, 27-28.) Petitioner received an indeterminate three-strikes sentence of life after admitting his "strike" convictions (Lodged Doc. 15, 2 Clerk's Tr. at 351, 401), regardless of the great-bodily-injury enhancements. Thus, even if the trial court erred under Apprendi, any error was harmless, as noted by the Magistrate Judge. (See R. & R. at 29-30); see also Montes v. Beard, 695 F. App'x 305, 306 (9th Cir. 2017) (on collateral review, Apprendi error is harmless "unless 'the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict.'" (quoting Davis v. Ayala, 135 S. Ct. 2187, 2197-98 (2015)).

Petitioner's discussion of People v. McGee, 38 Cal. 4th 682 (2006), disapproved of by People v. Gallardo, 4 Cal. 5th 120 (2017), is off base. (Objs. at 8-9.) The state courts' rulings on Petitioner's Apprendi claim never mentioned McGee (see Lodged Docs. 11, 13), much less necessarily relied on it, and the Magistrate Judge applied appropriate federal standards, including Richter, in determining that the California Supreme Court's silent denial of Petitioner's federal Apprendi claim was not

objectively unreasonable. See, e.g., Montes, 695 F. App'x at 306-07 (reviewing weight of evidence demonstrating facts jury never found in concluding that Apprendi error was not substantial or injurious).[4]

Petitioner's other contentions also lack merit. He argues throughout his Objections that he was "denied [the] opportunity" "to be judged by a jury of his peers" on the specific-intent element, as the "Constitution guarantees," and seems to think that that is enough for relief. (See, e.g., Objs. at 5.) But this is not de novo review or direct appeal. For the reasons recognized by the Magistrate Judge, the error did not prejudice Petitioner and, more to the point, the state courts were not unreasonable in so finding. Richter, 562 U.S. at 101.

Having reviewed de novo those portions of the R. & R. to which Petitioner objected, the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that the Petition be denied and Judgment be entered dismissing this action with prejudice.

DATED: 6/25/18

DALE S. FISCHER
U.S. DISTRICT JUDGE

---

[4] Petitioner contends that Burleson v. Kernan, No. C 05-1263 SI(pr), 2007 WL 3479033, at *1 (N.D. Cal. Nov. 15, 2007), on which the Magistrate Judge relied in rejecting Petitioner's Apprendi claim (see R. & R. at 29), has "nothing to do with Apprendi" (Objs. at 27 n.4). But Burleson expressly discusses the "line of Supreme Court cases that started with Apprendi" and concludes that the petitioner's claim was plainly meritless because under an indeterminate sentencing scheme, his three-strikes life sentence could not be extended beyond the statutory maximum. See 2007 WL 3479033, at *1.